UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIRDEWS S.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C25-1452-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's decision finding him not disabled. In 2020, Plaintiff applied for supplemental security income alleging disability starting May 2016. After conducting a hearing in April, 2024, the ALJ issued a written decision finding mild asthma, sciatica, migraine headaches, mixed incontinence urgency and stress, major depressive disorder, posttraumatic stress disorder (PTSD) and generalized anxiety disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; Plaintiff has no past relevant work; and Plaintiff is not disabled because there are jobs that exist in significant numbers in the national economy that she can perform. Tr. 17-33. Plaintiff sought review of the ALJ's decision in the Appeals Council. As the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

Plaintiff contends the Court should remand this case for further proceedings because the ALJ harmfully misevaluated the opinions of Louis C. Enkema, M.D. and Sarah C. Abbott, D.O.

**A.    Dr. Enkema**

Plaintiff argues the ALJ erred in rejecting Dr. Enkema's opinion Plaintiff is limited to 2 hours of standing and/or walking, and occasionally reaching overhead and forward. Tr. 29. The ALJ noted Dr. Enkema "indicated that support for his opinion was based on thoracolumbar dextroscoliosis with moderately severe lumbosacral pain and decreased pain tolerance." *Id.*  On examination Dr. Enkema found "mild dextroscoliosis, limited back range of motion with pain, and a positive straight leg raise bilaterally, but otherwise a normal exam and he opined that the demonstrated low back pain and limited range of motion were disproportionate to the x-ray findings and the objective findings in the medical records at the time of the injury and subsequently." *Id.*

The ALJ discounted Dr. Enkema on the grounds the doctor "does not appear to reconcile these with an adequately explanation [sic] as to how or if the discrepancies factored into his opinion." The ALJ also found the 2 hour stand/walk limitation is not consistent with the claimant's statements related to walking often and with little to no gait problems noted in her treatment records.

Plaintiff argues Dr. Enkema's opinion is consistent with the complaints Plaintiff voiced when he examined her, and thus the discrepancies between her pain and range of motion complaints and the medical evidence is irrelevant. However, because the ALJ may discount a medical source's opinion that is inconsistent with the record and not supported by objective evidence, the Court cannot say the ALJ erred. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999). There is no dispute Dr. Enkema stated Plaintiff's back pain and limited range of

movement were inconsistent with the medical record. Even if the Court accepted Plaintiff's argument Dr. Enkema's opinion was based upon a clinical examination that reflected Plaintiff's pain and range of motion complaints, the Court cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Further, while Plaintiff's argument indicates the evidence is susceptible to more than one rational interpretation, the Court is nonetheless required to uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008). Here, Dr. Enkema himself indicated Plaintiff's standing/walking and reaching limitations were disproportionate to medical findings and the record.

Plaintiff also argues the ALJ erred in discounting Dr. Enkema's opinion as inconsistent with how she took walks without apparent gait problems. Even assuming the ALJ erred, the error is harmless because as discussed above, the ALJ provided another valid reason supported by substantial evidence to discount the doctor's opinion. The Court accordingly declines to disturb the ALJ's determination to discount Dr. Enkema's standing/walking or reaching limitations.

**B.      Dr. Abbott**

Plaintiff also argues the ALJ erred in rejected the limitations assessed by treating doctor Sarah Abbott, D.O that are set forth in several forms the doctor submitted to the Washington Department of Social and Health Services. The ALJ noted Dr. Abbott submitted 3 forms in which opined Plaintiff is limited to less than sedentary work and is "unable to lift at least 2 pounds or stand or walk."  Tr. 30. The ALJ noted Dr. Abbott's December 2021 form was incomplete "so that no impairment is mentioned." *Id.* In March 2022, the doctor included diagnoses of chronic low back pain, stress, inability to work due to depression, anxiety (only when exacerbated) and back pain. The ALJ stated "she provides no other support but notes the

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 3

claimant is followed by physical therapy." *Id.* In a form created in April 2023, the doctor dropped incontinency as a diagnosis, and in a May 2023 form the doctor dropped anxiety, added PTSD, and indicated depression was in remission. Dr. Abbott noted Plaintiff cannot work when her mental health conditions are exacerbated. In the April and May 2023 forms, the doctor also indicated Plaintiff's back pain is debilitating.

The ALJ discounted Dr. Abbott's opinions on the grounds they "are not well supported by her varying and limited explanations," and the extent of the limitations are unsupported by mostly normal physical examinations in her treatment notes. The ALJ found the doctor's assessment of Plaintiff's mental health limitations were not supported by Plaintiff's cooperative behavior, appropriate mood and affect, normal judgement, benign mental presentation to providers, and depression that was in remission despite the end of therapy. The ALJ found the doctor's assessment of physical limitations was not consistent with how a mid urethral sling could be curative of urinary leakage; findings showing dextroscoliosis is stable and degenerative disk disease is mild; and a medical record showing minimal distress. *Id.* at 30-31.

The ALJ's decision indicates the ALJ primarily discounted Dr. Abbott's opinions on the grounds they were unsupported or inconsistent with the medical record. Plaintiff argues the ALJ erred because fluctuations in a claimant's medical condition are normal and not grounds to discount a medical opinion; the ALJ failed to specifically explain how or why the medical record was inconsistent with Dr. Abbott's assessment of the impact of Plaintiff's pain complaints; and the ALJ provided only vague and conclusory comments about how Plaintiff's depression improved and how her presentation upon mental examination was benign.

The Commissioner correctly argues the ALJ properly discounted Dr. Abbott's opinions for lack of support and as inconsistent with the medical record. The forms themselves provide no

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 4

explanation as to why Plaintiff is as severely limited as Dr. Abbott found. Plaintiff argues Dr. Abbott did not need to provide an explanation in the forms because the ALJ must examine whether the doctor's treating records support the assessments in the forms. But as the Commissioner points out Dr. Abbott's treatment records indicate mostly normal physical exam results, full leg strength and full range of motion of the arms all of which undercut the doctor's opinion that Plaintiff cannot stand, walk or even lift two pounds. To be sure, there is no dispute Plaintiff's records document pain complaints. But the Court cannot say the ALJ unreasonably found that the medical record undercuts Dr. Abbott's opinion Plaintiff cannot stand or walk or lift even two pounds. Additionally, Plaintiff has urged adoption of Dr. Enkema's assessment. But Dr. Enkema's assessment is inconsistent with Dr. Abbott's severe limitations. Dr. Enkema stated Plaintiff was in no acute distress, walked into the exam room without difficulty, had normal coordination and gait, was well oriented with normal memory, mood, judgment and behavior, and while she has back pain can stand and walk for two hours, lift 10 pounds frequently and 20 pounds occasionally, can occasionally climb stairs. Tr. 580-84.

As to mental health, Dr. Abbott's treatment records also reported Plaintiff was cooperative with appropriate mood, affect and judgment, and as noted above, Dr. Enkema did not note any mental health impairments.

Accordingly, the Court finds the ALJ did not harmfully misevaluate the opinions of Drs. Enkema and Abbott and thus **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 5

DATED this 24th day of March, 2026.


_____

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 6